UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BOBBY D. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-01244 |
| | ) | Judge Trauger |
| A. MCCLENDON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

The plaintiff, a resident of Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against a state court judge and several attorneys. (Docket No. 1). The plaintiff asks the court to enjoin future state prosecutions of the plaintiff or to conduct a hearing regarding the defendants' alleged unconstitutional and unethical conduct. (*Id*. at p. 4). The plaintiff also filed a motion to supplement his original complaint. (Docket No. 6).

**I.      Required Screening of the Original Complaint**

The court must screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2) to determine if the complaint contains claims that are frivolous, malicious, or fail to state claims upon which relief can be granted. *Id.* Because the plaintiff is proceeding as a pauper in this action, the court must screen his complaint pursuant to § 1915(e)(2).

**II.     Alleged Facts of the Case**

The complaint alleges that the defendants are engaged in a conspiracy to "systematically exclude[]" the plaintiff from "any and all State courts, particularly any court on review . . . ." (Docket No 1 at p. 2). More specifically, the complaint alleges that a state court judge (presumably named defendant Judge A. McClendon) ignored the plaintiff's *pro se* pleadings filed in state

1

criminal court seeking the appointment of counsel after the plaintiff fired his court-appointed attorneys, that his court-appointed attorneys have been ineffective in their representation of the plaintiff, and that the state appellate courts refuse to accept the plaintiff's filings. (*Id.* at p. 3)**.**

## III. Analysis

Although it is unclear from the record before the court what state criminal charges are pending against the plaintiff, it appears that one or more state criminal prosecutions of the plaintiff are underway. To the extent that the complaint asks the court to intervene in pending state criminal proceedings against the plaintiff, the law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). *Younger* abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

Despite the plaintiff's assertion that this case presents the "classic exception to *Younger*" (Docket No. 1 at p. 4), the three factors that support *Younger* abstention are present in this case. First, one or more state criminal prosecutions of the plaintiff appear to be underway. Second, there can be no doubt that state criminal proceedings implicate important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, while the complaint expresses the plaintiff's dissatisfaction with the state court judge's rulings in his criminal case, the complaint does not allege that the state court has refused or would refuse to consider the plaintiff's constitutional claims; thus, presumably the state court proceedings provide an adequate forum in which the plaintiff can raise any constitutional challenges.[1] If the plaintiff raises his constitutional challenges in state court and the trial court denies or otherwise fails to consider his constitutional claims, the plaintiff may exercise his right to an appeal under Tennessee law. The plaintiff also may oblige himself of state post-conviction proceedings in the event he is convicted of the charged offense(s).

There are exceptions to the *Younger* doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979)(quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). In order to overcome the bar of *Younger* abstention, a petitioner must do more than set forth mere allegations of bad faith or harassment. *See Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d

---

[1] While the complaint alleges the state appellate courts have refused to permit the plaintiff to appeal the state judge's rulings in one or more criminal cases, the plaintiff has not provided any evidence in support of his allegation. Furthermore, being denied the right to an interlocutory appeal is not the same as being denied the right to an appeal. (*See* Docket No. 1 at p. 3).

885, 889 (10th Cir.1997)). The burden on a plaintiff is high, and the allegations of the instant complaint do not establish that any exception to the *Younger* doctrine is warranted in this case at this time.

As to the plaintiff's conspiracy claims, the Sixth Circuit has defined a civil conspiracy under 42 U.S.C § 1983 as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not know all of the details of the illegal plan or all of the participants involved. All that must be shown is that there is a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Conspiracy claims must be pled with a degree of specificity. *Hamilton v. City of Romulus*, 409 Fed. Appx. 826, 835-36 (6th Cir. 2010). Vague and conclusory allegations unsupported by material facts are insufficient, although circumstantial evidence of an agreement among all conspirators may provide adequate proof. *Id.*

Having reviewed the plaintiff's complaint and supporting material, the court finds that the plaintiff's allegations of a civil conspiracy between the defendants are vague and conclusory. Therefore, the allegations fail to state a claim upon which relief can be granted. The plaintiff's civil conspiracy claim will be dismissed.

**IV.    Motion to Amend the Complaint**

On December 4, 2015, the plaintiff filed a motion to supplement his complaint in which he explains that, "in his hasteful [sic] rush to get particular matter documented and subsequently prosecuted . . . he failed to [provide a] complete list of defendant(s) . . . ." (Docket No. 4 at p. 2). Essentially, then, the plaintiff's motion to supplement is an effort by the plaintiff to amend his

original complaint to add more defendants and to elaborate on his requested relief. The court therefore construes the plaintiff's motion as a motion to amend his complaint.

Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir.2005) (*citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir.1980)).

Here, the plaintiff wishes to amend his complaint to bring unspecified federal claims against four additional attorneys. He alleges that these attorneys have been engaged or are engaged in a conspiracy to wrongfully convict the plaintiff of state criminal charges. In support of his allegation, the plaintiff contends that his former court-appointed attorneys have not provided him with effective representation and were only interested in coercing the plaintiff to enter guilty pleas to the state charges against him. It is unclear whether all of the named proposed defendants (Docket No. 6 at pp. 2, 3) are the plaintiff's former court-appointed attorneys and what specific role(s) these purported defendants played in the plaintiff's criminal prosecutions.

For the same reasons that the plaintiff's claims against the original defendants to this action fail, the plaintiff's proposed claims against these four additional attorneys fail. (*See supra* p. 4). Consequently, permitting the plaintiff to amend his complaint to add claims against these purported defendants would be futile. The plaintiff's motion to amend, therefore, will be denied.

## V.     Conclusion

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under federal law. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte*.   28 U.S.C. § 1915(e)(2).  Accordingly, the complaint will be dismissed.   The plaintiff's motion to amend the complaint (Docket No. 5) will be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge