UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BOBBY D. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-01244 |
| | ) | Judge Trauger |
| A. MCCLENDON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND O R D E R

*Pro se* plaintiff Bobby Green filed this action under 42 U.S.C. § 1983 against a state court judge and several attorneys, asking the court to enjoin future state prosecutions of the plaintiff or to conduct a hearing regarding the defendants' alleged unconstitutional and unethical conduct. (Docket No. 1).

By order and accompanying memorandum entered on January 5, 2016, the court found that the plaintiff's complaint failed to state claims upon which relief can be granted and dismissed this action. (Docket Nos. 8 & 9). The court entered judgment on January 5, 2016. (Docket No. 10). On February 8, 2016, the plaintiff filed a notice of appeal (Docket No. 13) of the court's order and memorandum.

On appeal, the Sixth Circuit Court of Appeals concluded that Green's notice of appeal was untimely filed. (Docket No. 23). Specifically, the Court found that any notice of appeal from the district court's judgment was required to be filed on or before February 4, 2016.[1] (*Id.* at p. 1).

---

[1] The Sixth Circuit has repeatedly held, as have other circuit courts, that the Rule 4 clocks starts when a judgment is entered, not when the service of the judgment is effected. *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 416 (6th Cir. 2010)(citing cases). Neither Federal Rule of Civil Procedure 6(d) nor Federal Rule of Appellate Procedure 26(c) applies. (*Id.*)

1

However, the Court noted that Federal Rule of Appellate Procedure 4(a)(5) provides for an exception that might apply to the facts of this case. (*Id.*) Rule 4(a)(5) allows a district court to extend the appeal period if two requirements are satisfied: (1) the party seeking an extension moves for the extension "no later than 30 days" after the expiration of the appeal period, and (2) "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

Finding that Green's notice of appeal was received in the district court after the expiration of the thirty-day appeal period but within the thirty-day period for a Rule (a)(5) motion, the Court construed Green's notice of appeal as a Rule 4(a)(5) motion for an extension of time. (Docket No. 23 at p. 2). The Court then remanded Green's case to this court for "a determination as to whether Green has shown excusable neglect or good cause to warrant an extension of time for filing a notice of appeal." (*Id.*)

"Good cause will be found where forces beyond the control of the appellant prevented [an appellant] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Id.* (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). Whether neglect is "excusable" is an equitable determination that weighs "all relevant circumstances," including the danger of prejudice to the other party, the length of the delay, and its effect on the judicial proceeding, the reason for the delay and whether it was within the moving party's control, and whether the moving party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The *Pioneer* factors "do not carry equal weight; the excuse given for the late filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010).

Here, after judgment was entered in this case, Green filed no less than four documents: a

2

notice of appeal (Docket No. 13), a notice of filing copy of his belated motions to replead the order to show cause (Docket No. 16), a notice to inform court (Docket No. 17), and a motion to supplement appeal (Docket No. 18). However, at no point in any of those filings does Green provide **any** reason for having filed his notice of appeal late.

Notably, in his notice of appeal, Green states that he is filing his notice of appeal on "[t]he last day in a given (30) day period to respond" and asks for an extension of time because he needs "additional time to list each and every issue he intends to present for Court review . . . ." (Docket No. 13 at p. 1). Green's signature line states "Done on February 5, 2016." (*Id.*) It appears, then, that Green miscalculated the thirty-day period for filing his notice of appeal, mistakenly believing that February 5, 2016, was the final day of his thirty-day period for filing the notice of appeal. But the Sixth Circuit has determined that Green's notice of appeal was required to be filed on or before February 4, 2016. (Docket No. 23 at p. 1). Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392; *Barnes v. Cavazos*, 966 F.2d 1056, 1061 (6th Cir. 1992)(holding that miscalculation of the time period does not rise to the standard of excusable neglect under Rule 4(a)). Furthermore, mistakes made by those who proceed without counsel are not necessarily excusable. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Considering that Green offers no reason for his untimely filed notice of appeal, the court finds that Green has not demonstrated excusable neglect. While it is true that Green's notice of appeal was filed only four days late and that there does not appear to be any detrimental effect on this judicial proceeding as a result of a four-day delay, the court cannot ignore that Green simply provides no excuse or reason for miscalculating the thirty-day period and missing the deadline when the Sixth Circuit has instructed that "the excuse given for the late filing must have the greatest

3

import." *Munoz*, 605 F.3d at 372.

In conclusion, the court finds that Green has not demonstrated good cause or excusable neglect in order to be entitled to an extension of time to appeal. Therefore, the requirements of Rule 4(a)(5) have not been met, and Green's request for an extension of time to file a notice of appeal is hereby **DENIED**.

It is so **ORDERED**.

                                                                                    _____
                                                                                   Aleta A. Trauger
                                                                                   United States District Judge